THOMAS N. FOLKS, Respondent, v. JAMES S. BURNETT, Appellant.

St. Louis Court of Appeals, January 19, 1892.

1. **Depositions:** DEPOSITION OF A PARTY. The deposition of a party to a cause may be taken therein on his own behalf, and be read in evidence on his behalf under circumstances which would warrant the reading of the deposition of any other witness, and consequently if he resides in a county other than that in which the cause is tried, and is not present at the trial.

2. **Evidence:** RES GESTÆ. One of the issues in a cause was whether the plaintiff had effected a sale, for the making of which he was claiming compensation. It appeared that he first met the purchaser at a store, and had approached him while engaged in conversation with the storekeeper. *Held*, that evidence of what passed between the storekeeper and the purchaser immediately before the approach of the plaintiff, if it tended to show that the purchaser had already decided to make the purchase, was not hearsay, but was competent to establish that the efforts of the plaintiff were not the procuring cause of the sale.

*Appeal from the Cape Girardeau Court of Common Pleas.*—HON. MAURICE CRAMER, Judge.

REVERSED AND REMANDED.

*McCluer & Bowling*, for appellant.

(1) A party to a suit is a competent witness. R. S. 1889, sec. 8918; *McCormick v. Hickey*, 24 Mo. App. 362. (2) Any party to a suit pending in any court in this state may obtain the deposition of any witness, to be used in such suit conditionally. R. S. 1889, sec. 4434. (3) Depositions may be read, when the witness resides in county other than that where the case is tried. R. S. 1889, sec. 4461. (4) A party who is a non-resident need not appear personally to testify in the case, but his deposition may be taken as in the case

of other non-resident witnesses. *Sells v. Haggard*, 21 Neb. 357 ; *Johnston v. McDuffie*, 83 Cal. 30 ; *McCormick v. Hickey*, 24 Mo. App. 362, 365. (5) It is only where the witness resides in the county, that it must be shown that he is absent without the consent, etc., of the party offering the evidence. R. S. 1889, sec. 4461 ; *Carpenter v. Lippitt*, 77 Mo. 242. ( 6 ) " The doctrine is well settled, that whatever words depict the character of the principal fact, shed upon it the proper light when it is brought before the camera of judicial investigation, are verbal acts, indicating a present purpose and intention, and are, therefore, admitted in proof like any other fact." Therefore, the testimony of the witness Pierronet was competent as part of the *res gestæ*, and explanatory of the transaction. *State v. Gabriel*, 88 Mo. 631 ; *Colt v. LaDue*, 54 Mo. 486 ; *Perkins v. Railroad*, 55 Mo. 201 ; Greenl. Ev., sec. 108, and cases cited ; *Hunter v. State*, 40 N. J. L. 495; *State v. Hayden*, 9 Rep. 237 ; 1 Starkie's Evidence [6 Ed.] 65.

ROMBAUER, P. J.—The plaintiff recovered a judgment herein for $100, which, as he claims, was the agreed price for certain services rendered by him at the defendant's request in affecting the sale of an electric-light plant, of which the defendant was part owner. The contract on which the action is founded was oral, and, being made in the absence of witnesses, depended for proof of its terms entirely on the testimony of the parties themselves. On the trial the plaintiff's testimony tended to show that the terms of the contract were as claimed by him, and that he had performed it. The defendant's counsel thereupon, after first showing that the defendant was a non-resident of the county wherein the case was tried, and was temporarily absent from the state, offered to read in evidence the defendant's deposition. This deposition tended to show facts, which, if believed by the jury, would have defeated plaintiff's recovery. The court refused to permit the reading of the

deposition—it would seem on the ground that it was the deposition of one of the parties to the suit. No other objection to the reading of the deposition was made. The defendant excepted, and now assigns this ruling for error.

A party to a suit may obtain the deposition of any witness, and, therefore, his own, as he is a competent witness to be used conditionally. When the witness resides in another county than the one in which the suit is tried, and is not present at the trial, his deposition may be read in evidence. R. S. 1889, secs. 4434, 4461. As the deposition contained material evidence for the defense, its rejection was prejudicial error.

Error is also assigned on the following ruling of the court: Plaintiff's claim was that he had procured the sale in question. It appeared from his own testimony that he first met one Hartzell, who subsequently became purchaser of the property, in the store of one Pierronet, and approached him while he was engaged in conversation with Pierronet. The defendant called Pierronet, and asked him what Hartzell had said to him on that occasion about buying the property prior to plaintiff's approach. This question was ruled out. The statement of Hartzell to Pierronet might have shown that the former had decided to buy the property before the plaintiff spoke to him ; if so, an expression by him to that effect was in the nature of an oral act evidencing his intention and not hearsay, and was competent as evidence tending to show that the plaintiff's endeavors were not the procuring cause of the sale. The question was proper, and should not have been ruled out.

The judgment is reversed and the cause remanded. All the judges concur.